Ruffin, C. J.
 

 The natural supposition is, that, in
 
 con.
 
 tracts made by agents, the stipulations are by and with the principals. Yet, as agents may bind themselves for their principals, and as the language of agreements is often inex-plicit, it irequently happens, that it is not eásy to determine whether the contract is that of the agent personally or of the principal exclusively. In this case, however, there is no difficulty of that sort. The instrument purports to b# between two parties and only two; and the question is,
 

 
 *97
 
 Whitehead or the Land Company is one of these two.— Perhaps, from the structure of the sentence comprising the premises, the character of the instrument in this respect might be deemed somewhat equivocal. But the first stipulation, contained in the next sentence, speaks explicitly. It is, that the defendants “ agree to get on the land of the party of the first part” the lumber specified. The defendants were, undoubtedly, not to work on Whitehead’s land but on that of the Company. Therefore, the Company is here shown to be the first party to the contract. In the same manner it is seen, in other parts, that the timber is to be got for, and delivered to the Company, and paid for by them —they being described all along as “ the party of the first part.” Moreover, in the conclusion of the articles it is plainly declared, that Whitehead does not execute them, as being himself the party to them, but executes them as the deed of the Company, by saying that he does so
 
 “
 
 for and on behalf of the party of the first part,
 
 being-
 
 The Albemarle Swamp Land Company.” It is thus clear, that the deed, throughout, calls the Company the party of the first part; and hence the plaintiff is not exclusively that party; and the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.